**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALBERTO BRYAN IRSULA,

    Petitioner,

v.                                                      CASE NO:  8:05-CV-1092-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, Alberto Bryan Irsula, a state prisoner proceeding pro se, timely filed his Petition for Writ of Habeas Corpus (Dkt. #1) pursuant to 28 U.S.C. §2254. Having reviewed the Petition, the Response (Dkt. #10-1) thereto, and the Petitioner's Reply (Dkt. #13), the Court determines that the Petition must be denied because it fails to meet the threshold requirements for entitlement to habeas corpus relief under 28 U.S.C. §2254(d) and (e).

## BACKGROUND

Petitioner was convicted of one count of trafficking in cocaine and one count of conspiracy to traffic in cocaine, arising out of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in case number 99-02701. He was found guilty of both charges in a jury trial in which he was represented by Assistant Public Defender Michael E. Connell. He was sentenced by the state court to eighty-four (84) months in prison followed by two (2) years probation on each count, with the counts running concurrently. Petitioner filed a direct

appeal, a Rule 3.850 motion for post-conviction relief, and an appeal of the denial of post-conviction relief. He has properly exhausted the two (2) claims he now brings before this Court in this Petition, to wit:

> (1) trial counsel was ineffective, and Petitioner was denied due process, when counsel failed to file a motion to compel production of the identity of the confidential informant prior to trial; and
>
> (2) trial counsel was ineffective for failing to object to the adjudication of guilt of the conspiracy charge, when the co-defendant was acquitted of the same charge.

## **STANDARD OF REVIEW**

This Petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA establishes a deferential standard of review of state court judgments. Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

> (1) was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or
>
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

Additionally, this Court must accept factual findings made by the state court as correct unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1). When a claim is made that trial counsel is ineffective, the Petitioner must satisfy the two-prong test enunciated by the U. S. Supreme Court in Strickland v.

Washington, 466 U.S. 668 (1984). The burden is on the Petitioner to show both that (1) trial counsel's representation was deficient, i.e. "fell below an objective standard of reasonableness;" and (2) such deficient performance prejudiced him, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland at 687-688.  See also Williams v. Taylor, 529 U.S. 362 (2000).  The inquiry into whether a lawyer has provided effective assistance is an objective one -- a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer took. Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000), cert. denied, 531 U.S. 1204 (2001).

## DISCUSSION

**Claim One**:   Trial counsel was ineffective for failing to file a motion to compel production of the identity of the confidential informant before trial.

This claim was raised by Petitioner in his motion for post-conviction relief.  The trial court granted Petitioner an evidentiary hearing on this claim in which it made the following finding of fact:

> The Court finds that defendant's trial counsel Mr. Connell, without objection from defendant, made a strategic decision not to compel the disclosure of the identity of the confidential informant so that defendant's testimony would be uncontradicted at trial, thereby allowing defendant to tell his side of the story to the jury.

(Order on December 17, 2003 evidentiary hearing).

That finding, which binds this Court, was reasonable given the facts elicited at the hearing.  Mr. Connell testified that, prior to trial, he had discussions with the Petitioner regarding the confidential informant.  Mr. Connell testified as follows:

> In interviews with my client, I was already -- or he was aware of who the confidential informant was and the circumstances surrounding how the deal had got set up. I felt that as a tactical decision for trial, it would be best to go in and have my client's testimony on an entrapment defense go unrebutted. By forcing disclosure of confidential informant, we were running the risk of placing that person as a witness in trial which could then be a rebuttal witness to his testimony.

(Quotation in trial court's Order from December 17, 2003, Transcript, pp. 12-13).

Not only was a motion to compel the disclosure of the identity of the confidential informant unnecessary (because Petitioner already knew the identity of the confidential informant), it was a matter of trial strategy. A trial counsel's strategic or tactical choices in a criminal case, after a thorough investigation of the law and facts relevant to plausible options, "are virtually unchallengeable" in an ineffective assistance of counsel claim. Strickland, 466 U.S. at 690. The state court applied state and federal law appropriately in resolving this issue and therefore Petitioner's first claim fails.

**Claim Two:** Trial counsel was ineffective for failing to object to the adjudication of guilt on the conspiracy charge when the co-defendant was acquitted of the same charge.

In his second claim, Petitioner asserts that trial counsel was ineffective for not obtaining a judgment of acquittal on the conspiracy charge when his co-defendant was found not guilty of the conspiracy charge. He argues that this issue is controlled by Herman v. United States, 289 F.2d 362 (5th Cir. 1961) which, he says, binds the Eleventh Circuit to the proposition that one cannot be convicted of conspiracy when "all but one of the charged conspirators are acquitted." (Reply Brief, page 8). This proposition flows from the definition of "conspiracy" which is an agreement between two or more people to carry out an unlawful plan.

Petitioner's argument is unavailing in his case because not all other co-conspirators were acquitted.  In the charging document, Defendant was charged with having conspired with his co-defendant (Pedro Gonzalez) and "other diverse persons."  One person can be found guilty of a conspiracy where he is alleged to have conspired with unidentified co-conspirators.  State v. Powell, 674 So.2d 731 (Fla. 1996).  The state court applied Florida law in the resolution of this issue and it comports with federal law.  Just because Petitioner did not conspire with Mr. Gonzalez does not mean, as a matter of law, that he did not conspire with others.

It is not ineffective assistance of counsel for a lawyer to fail to raise a non-meritorious issue.  Therefore, Petitioner's second claim fails.

For the reasons set forth above, it is ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against Petitioner.

3. The Clerk is directed to terminate any pending motions and CLOSE this file.

**DONE** and **ORDERED** in Tampa, Florida on February 8, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2005\05-cv-1092.irsula order*